**Al Qasem Saleh ASAAD, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–72214.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted April 16, 2007.*

Filed April 24, 2007.

Peter Singh, Fresno, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Juan G. Rodriguez, Esq., U.S. Department of Justice, Dallas, TX, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Al Qasem Saleh Asaad, a native and citizen of Yemen, petitions for review of a Board of Immigration Appeals ("BIA") decision that affirmed the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

"Where, as here, the BIA reviews *de novo* the IJ's decision, our review is limited to the decision of the BIA." *Garcia–Quintero v. Gonzales,* 455 F.3d 1006, 1011

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(9th Cir.2006) (citation omitted). We review for substantial evidence, *see Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir. 2006), and we deny the petition.

■ Substantial evidence supports the BIA's finding that the treatment Asaad suffered at the hands of the Yemeni security forces did not rise to the level of persecution. *See Nagoulko v. INS,* 333 F.3d 1012, 1016–18 (9th Cir.2003). The BIA's finding that Asaad had not proved an objectively reasonable well-founded fear of future persecution is likewise supported by substantial evidence, because Asaad's claim relied on speculative evidence. *See id.* at 1018.

■ Because Asaad failed to satisfy the lower standard of proof for asylum, he necessarily failed to satisfy the more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

■ Substantial evidence supports the denial of Asaad's CAT claim because he did not establish that it was more likely than not that he would be tortured if he returned to Yemen. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.